# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv461

| | |
|---|---|
| MICHELLE BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF REMAND** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** came before the Court on the parties' Consent Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 9], filed January 21, 2009, and the Plaintiff's Motion for Judgment for Costs under the Equal Access to Justice Act, 28 U.S.C. §212(a)(1) [Doc. 11], filed March 3, 2009.

Sentence four of 42 U.S.C. §405(g) provides in pertinent part, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The parties have moved for reversal of the decision of the Defendant and for remand for further administrative proceedings.

Specifically, the parties ask that the Commissioner be instructed to assign this matter to an Administrative Law Judge (ALJ) who will further evaluate the non-examining state agency medical source opinion evidence, further evaluate the Plaintiff's credibility and further evaluate the Plaintiff's residual functional capacity.  The ALJ will also consider whether the Plaintiff engaged in substantial gainful activity during the period at issue and whether her employer or employers provided accommodations for her impairments, if any.  The Court finds remand is appropriate.  Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

On March 3, 2009, the Plaintiff moved to tax costs in the amount of $100 representing the filing fee paid in this case. [Doc. 11].  The Defendant has responded that the motion is premature because a Judgment remanding the case has not yet been entered. [Doc. 12, filed March 4, 2009].  The Court finds the Defendant's position is well taken.  Moreover, from the Defendant's response, it appears that once judgment has been entered, the parties may be able to resolve this issue.

**IT IS, THEREFORE, ORDERED** that the parties' the parties' Consent Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 9] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the decision of the Commissioner of

Social Security is hereby **REVERSED** and the case is remanded; and

**IT IS FURTHER ORDERED** that upon remand, the Defendant shall assign this matter to an Administrative Law Judge (ALJ) who will (1) further evaluate the non-examining state agency medical source opinion evidence; (2) further evaluate the Plaintiff's credibility; (3) further evaluate the Plaintiff's residual functional capacity; (4) consider whether the Plaintiff engaged in substantial gainful activity during the period at issue; and (5) consider whether the Plaintiff's employer or employers provided accommodations for her impairments, if any.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Judgment for Costs under the Equal Access to Justice Act, 28 U.S.C. §212(a)(1) [Doc. 11] is hereby **DENIED** without prejudice.

A Judgment of Remand is entered simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Martin Reidinger
United States District Judge

Signed: April 3, 2009